UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| NORTH AMERICAN SPECIALTY INSURANCE COMPANY<br>            Plaintiff | CIVIL ACTION |
| VERSUS | NO. 11-718 |
| FIRST MILLENNIUM CONSTRUCTION, LLC ET AL.,<br>     Defendants | SECTION: "E" |

ORDER AND REASONS

Before the Court is Plaintiff North American Specialty Insurance Company's ("NAS") motion to compel arbitration.[1] Defendants have not filed an opposition to Plaintiff's motion.[2] For the following reasons, the above-captioned case is REOPENED for the limited purpose of deciding Plaintiff's motion, and Plaintiff's motion is GRANTED.

BACKGROUND

On April 4, 2011, NAS filed suit in this Court against Defendants First Millennium Construction, LLC, Sarah Hossley, and Nathian Hossley.[3] On October 29, 2012, the parties filed a joint motion to dismiss the above-captioned matter, without prejudice, representing that they agreed in writing to submit the referenced litigation to a binding arbitration.[4] The Court granted the motion and dismissed the case without prejudice on October 31, 2012.[5]

---

[1] R. Doc. 65.
[2] Under Local Rule 7.5 of the Eastern District of Louisiana, "[e]ach party opposing a motion must file and serve a memorandum in opposition to the motion with citations of authorities no later than eight days before the noticed submission date." No memorandum in opposition to Plaintiff's motion, set for hearing on February 25, 2015, has been submitted. Therefore, the motion is treated as unopposed. *See Lee Estate v. Standard Mortgage Corp.*, No. 13-3851, 2014 WL 505963, at *2 (E.D. La. Feb. 6, 2014) (Engelhardt, J.); *Harris v. JCPenney Co.*, No. 07-9675, 2008 WL 90038, at *2 n.1 (E.D. La. Jan. 8, 2008) (Feldman, J.).
[3] R. Doc. 1.
[4] R. Doc. 63.
[5] R. Doc. 64.

On January 26, 2015, over two years after the case was dismissed, NAS filed the instant motion to compel arbitration in which NAS states the Defendants have refused to participate in the agreed-upon arbitration, despite the parties having agreed in writing to arbitrate the claims and defenses related to this case.[6] NAS attached to its motion the parties' Submission Agreement dated October 29, 2012 in which the parties agreed to "arbitrate all claims and defenses" set forth in the above-captioned litigation.[7] Defendants did not file an opposition to Plaintiff's motion. This matter is now ripe for determination.[8]

## LAW & ANALYSIS

There is a "strong federal policy in favor of enforcing arbitration agreements."[9] The Federal Arbitration Act ("FAA") states:

> A written provision in any . . . contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract . . . , or the refusal to perform the whole or any part thereof, or an agreement in writing to submit to arbitration an existing controversy arising out of such a contract . . . or refusal, shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.[10]

The FAA requires courts to "compel arbitration of otherwise arbitrable claims, when a motion to compel arbitration is made. The legislative history of the [FAA] establishes that the purpose behind its passage was to ensure judicial enforcement of privately made agreements to arbitrate."[11] Thus, "all doubts concerning the arbitrability of claims should be resolved in favor of arbitration."[12]

---

[6] R. Doc. 65-1 at pp. 1–2.
[7] R. Doc. 65-2.
[8] R. Doc. 65-3 (setting a hearing date of February 25, 2015).
[9] *Dean Witter Reynolds, Inc. v. Byrd,* 470 U.S. 213, 217 (1985).
[10] 9 U.S.C. § 2. *See Sedco, Inc. v. Petroleos Mexicanos Mexican Nat'l Oil Co.*, 767 F.2d 1140, 1147 (5th Cir. 1985).
[11] *Dean Witter,* 470 U.S. at 219. *See also Sedco,* 767 F.2d at 1147.
[12] *Primerica Life Ins. Co. v. Brown,* 304 F.3d 469, 471 (5th Cir. 2002).

Courts conduct a two-step inquiry when considering motions to compel arbitration.[13] "First, the court must determine whether the parties agreed to arbitrate the dispute. Once the court finds that the parties agreed to arbitrate, it must consider whether any federal statute or policy renders the claims nonarbitrable."[14] When conducting this inquiry, the court may not consider the merits of the underlying action.[15] "Under § 4 of the FAA, the federal district court ascertains only whether the arbitration clause covers the allegations at issue. If the dispute is within the scope of the arbitration clause, the court may not delve further into the merits of the dispute."[16]

The first step—the determination of whether the parties agreed to arbitrate—involves two considerations: "(1) whether there is a valid agreement to arbitrate between the parties; and (2) whether the dispute in question falls within the scope of that arbitration agreement."[17] When analyzing this first step, state law contract formation principles generally govern.[18] "In apply state law, however, due regard must be given to the federal policy favoring arbitration, and ambiguities as to the scope of the arbitration clause itself must be resolved in favor of arbitration."[19]

The parties to this action filed a joint motion to dismiss the above-captioned case in which they "jointly represent[ed] that they ha[d], in writing, agreed to submit the referenced litigation to a binding arbitration" and moved to dismiss this case without prejudice.[20] The Court granted the motion to dismiss based on the parties' joint representation that they agreed, in writing, to arbitrate.[21] The Submission Agreement

---

[13] *See id.*
[14] *Id.* (internal quotation marks and citation omitted).
[15] *Id.*
[16] *Id.* (internal quotation marks and citations omitted).
[17] *Webb v. Investacorp, Inc.*, 89 F.3d 252, 258 (5th Cir. 1996) (per curiam).
[18] *Id.*
[19] *Id.* (internal quotation marks and citation omitted).
[20] R. Doc. 63 at p. 1.
[21] R. Doc. 64.

signed by the parties is attached to NAS's motion to compel arbitration as Exhibit A.[22]

The Submission Agreement states:

> **WHEREFORE**, NAS and the [Defendants] have asserted claims and defenses in the matter captioned *North American Specialty Insurance Company v. First Millennium Construction*, LLC, et al. and pending before the United States District Court for the Eastern District of Louisiana as Civil Action No. 2:11-cv-00718 ("Litigation"); and
>
> **WHEREFORE**, rather than proceed with the Litigation, NAS and the [Defendants] desire and have agreed to arbitrate their disputes.
>
> **NOW, THEREFORE**, in consideration of the foregoing, NAS and the [Defendants] do hereby agree and bind themselves as follows:
>
> 1.     NAS and the [Defendants] shall arbitrate all claims and defenses set forth in the Litigation in accordance with the American Arbitration Association's Construction Industry Arbitration Rules, except that the AAA will not administer the arbitration. . . . Bruce Shreves shall serve as sole Arbitrator . . . .
>
> 2.     On execution of this Submission Agreement, NAS and the [Defendants] shall seek an immediate dismissal of the Litigation, without prejudice.
>
> 3.     The award of the Arbitrator shall be final and binding upon each party, and judgment upon the award may be entered by any court having proper jurisdiction.
>
> 4.     This Submission Agreement constitutes the whole of the understanding, discussions, and agreements by and between the parties hereto and shall bind the parties and their successors, and shall not be modified except by a written document duly executed by the parties or their successors.[23]

The right to demand arbitration is strong under both federal law and Louisiana state law.[24] Under Louisiana law, "an agreement in writing between two or more persons to submit to arbitration any controversy existing between them at the time of the agreement to submit, shall be valid, irrevocable, and enforceable, save upon such

---

[22] R. Doc. 65-2.
[23] *Id.*
[24] *See Simpson v. Pep Boys-Manny, Moe & Jack, Inc.*, 847 So.2d 617, 621 (La. App. 4th Cir. 2003).

grounds as exist at law or in equity for the revocation of any contract."[25] The parties do not dispute that this agreement was signed by all of the parties to this action on October 29, 2012. Additionally, NAS's motion seeks to arbitrate only the claims and defenses asserted in the above-captioned matter. Thus, the Court finds that under the Submission Agreement the parties agreed to arbitrate, and the claims and defenses NAS seeks to arbitrate are squarely within the scope of the Submission Agreement.

The second step of the analysis is to determine "whether legal constraints external to the parties' agreement foreclosed the arbitration of those claims."[26] The parties in this case have pointed to no statute or policy, and this Court is aware of none, that would render these claims nonarbitrable. The application of the two-step analysis in this case supports Plaintiff's motion to compel arbitration, and the Defendants have not presented any argument to contend otherwise.[27] Accordingly, the motion to compel arbitration is granted.

## CONCLUSION

**IT IS ORDERED** that the Court reopens the above-captioned matter for the limited purpose of deciding Plaintiff North American Specialty Insurance Company's motion to compel arbitration.

**IT IS FURTHER ORDERED** that Plaintiff North American Specialty Insurance Company's motion to compel arbitration is **GRANTED**.[28]

**IT IS FURTHER ORDERED** that the parties **ARBITRATE** all claims and defenses set forth in the above-captioned matter in accordance with the parties' Submission Agreement.[29]

---

[25] La. Rev. Stat. § 9:4201.
[26] *Webb v. Investacorp, Inc.*, 89 F.3d 252, 258 (5th Cir. 1996) (per curiam).
[27] Defendants have not filed an opposition to Plaintiff's motion.
[28] R. Doc. 65.

**IT IS FURTHER ORDERED** that the parties are to initiate arbitration proceedings within **60 days** of the entry of this order.

New Orleans, Louisiana, this  21st  day of April, 2015.

*Susie Morgan*
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[29] R. Doc. 65-2.